**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) CHRIS RUBENSTEIN, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: CIV-23-954-PRW |
| | ) | Class Action |
| (1) MIDLAND FINANCIAL CO., | ) | |
| Defendant. | ) | |

**DEFENDANT MIDLAND FINANCIAL CO.'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453, Defendant Midland Financial Co. ("Midland"), by and through its undersigned counsel of record, hereby removes this action from the District Court of Oklahoma County, State of Oklahoma.[1] In support thereof, Midland respectfully states as follows:

**PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS**

1. Petition: On September 15, 2023, Plaintiff Chris Rubenstein ("Plaintiff") initiated this case against Midland by filing a class-action Petition ("Petition" or "Pet.") in the District Court of Oklahoma County, State of Oklahoma captioned *Chris Rubenstein v.*

---

[1] Midland disputes Plaintiff's allegations and believes the allegations and claims contained in the Petition lack merit and denies certification would be proper here. By seeking removal, Midland does not waive and expressly reserves all rights, arguments and defenses under applicable law.

*Midland Fin. Co.*, CJ-2023-5328 ("State Court Action"). A copy of the Petition is attached hereto as **Exhibit 1**.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the docket sheet and all process, pleadings, and orders that have been filed and served in the State Court Action is attached hereto as **Exhibit 2-Docket Sheet; Exhibit 3-Summons; Exhibit 4-Affidavit of Service; Exhibit 5-Special Appearance and Motion for Unopposed Extension of Time; Exhibit 6-Appearance of Plaintiff's Counsel; Exhibit 7-Order.**

3. Midland was served in person on September 19, 2023. A copy of the proof of service is attached hereto as **Exhibit 4**. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

4. In his Petition, Plaintiff alleges that on August 18, 2023, Defendant "itself, and through Vio Bank" informed Plaintiff "of the occurrence of 'an incident that may affect the privacy of some of your personal information.'" (Pet. ¶ 3 (citing notice of data breach).) Plaintiff alleges that between May 27-31, 2023, Midland "became aware of a vulnerability in the MOVEit web transfer application it utilizes for transferring documents." (Pet. ¶ 4.) Plaintiff alleges that the incident "compromised" personally identifiable information ("PII") that included names, Social Security numbers, and account numbers. (Pet. ¶ 6.)

5. Plaintiff asserts eleven causes of action in the Petition: Negligence, Negligence *per se*, Breach of Implied Contract, Invasion of Privacy, Breach of Covenant of Good Faith and Fair Dealing, Breach of Confidentiality, Unjust Enrichment, Violation of the California Consumer Privacy Act of 2018 Cal. Civ. Code §§ 1798.100 *et seq.* ("CCPA"), Violation of the California Unfair Competition Law Cal. Bus. & Prof. Code §§

17200 *et seq.*, Violation of California Consumer Records Act Cal. Civ. Code §§ 1798.80, *et seq.*, and Injunctive and Declaratory Relief. (Pet. ¶¶ 115-235.) Plaintiff seeks, *inter alia*, the following forms of relief for himself and the putative Class: (i) class certification and appointment of Plaintiff and his counsel to represent the Class; (ii) equitable and injunctive relief; (iii) award of damages including, but not limited to, actual, consequential, and nominal damages; (vi) attorneys' fees and costs; (vii) pre-judgment interest; and (viii) any "further relief as this Court may deem just and proper." (Pet. p. 62-63.)

6. Plaintiff is a "citizen of Hayward, California," Pet. ¶ 12, and seeks to certify two classes under "Federal Rule of Civil Procedure 23," Pet. ¶ 104. First, Plaintiff—despite being a citizen of California—seeks to bring "this action against Defendant on behalf of ***themselves*** and all other individuals similarly situated . . . on behalf of an Oklahoma Class" defined as: "All natural persons residing in the State of Oklahoma who received a Notice of the Data Breach letter from Defendant, MidFirst Bank, or Vio Bank." (Pet. ¶ 104 (emphasis added).)

7. Next, Plaintiff "brings this action on behalf of ***himself***, and the following proposed California Subclass" defined as: "All natural persons residing in the State of California who received a Notice of the Data Breach letter from Defendant, MidFirst Bank, or Vio Bank." (Pet. ¶ 105.)

8. Plaintiff alleges that the class "is so numerous" that joinder would be impracticable and states that "[a]ccording to the Attorney General of Texas Data Security Breach Reports, 20,479 Texans alone were affected by the Data Breach with thousands of

other victims across the United States, including Plaintiff Rubenstein who is a resident of California." (Pet. ¶ 110.)

**THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

9. This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), as codified in 28 U.S.C. § 1332 *et. seq.* There is no presumption against removal in CAFA cases and "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (internal citations omitted). CAFA gives federal district courts original jurisdiction over class actions where: (i) there are at least 100 members in the putative class, (ii) any member of a class of plaintiffs is a citizen of a state different from any defendant (*i.e.,* minimal diversity of citizenship), and (iii) the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d); *see also Reece v. AES Corp.*, 638 F. App'x 755, 767 (10th Cir. 2016) (reciting the three CAFA elements).

10. This action clearly satisfies all three elements necessary under CAFA for this Court to retain jurisdiction.

11. <u>This is a Putative Class Action:</u> This case presents a putative class action within the definition of CAFA because Plaintiff seeks class action certification under Federal Rules of Civil Procedure Rule 23. *See* Pet. ¶ 109 ("The proposed Class meets the requirements of Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (c)(4)"); *see also* § 1332(d)(1)(B)

("'[C]lass action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure . . .").

12. There are at least 100 Class Members: For CAFA to apply, "all proposed plaintiff classes in the aggregate" must be 100 or more. 28 U.S.C. § 1332(d)(5)(B). While reserving the right to amend, Plaintiff proposes to represent two state classes of "all natural persons residing" in both California and Oklahoma who received a notice from "Defendant, MidFirst Bank, or Vio Bank." (Pet. ¶ 104.) While Plaintiff does not quantify the Oklahoma or California classes, he notes that that "20,479 Texans alone" were affected by the incident and that there are "thousands of other victims across the United States." (Pet. ¶ 110.) Specifically, Plaintiff alleges that "Defendant serves approximately 900,000 accounts for its customers," and then informed "its customers" about the incident. (Pet. ¶¶ 2-3.)

13. There is minimal diversity of citizenship: Under CAFA, minimal diversity is met if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. 1332(d)(2). Furthermore, a class action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." *See also* 28 U.S.C. § 1453(b).

14. Plaintiff alleges that "Midland Financial Co. is the holding corporation for MidFirst Bank headquartered in Oklahoma City and located at 501 NW Grand Boulevard, Oklahoma City, Oklahoma 73118." (Pet. ¶ 13.) Plaintiff alleges that Midland has its "principal place of business" in Oklahoma County. (Pet. ¶¶ 15-16.)

15. Plaintiff alleges that he "is a citizen of Hayward, California." (Pet. ¶ 12.) Plaintiff also separately alleges that he is a "resident of California." (Pet. ¶ 110.)

16. Because Plaintiff and Defendant are citizens of different states, the minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

17. <u>The Amount in Controversy Requirement is Met:</u> CAFA requires that the aggregated claims of individual class members "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see also Dart*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). To assess the amount in controversy, the court can accept the allegations in the plaintiff's complaint as true. *See Sagacity, Inc. v. Magnum Hunter Prod., Inc.*, No. 17-cv-101, 2018 WL 10373674, at *1 (E.D. Okla. Aug. 9, 2018) ("If the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. … The complaint's allegations may still be used to estimate an amount in controversy."); *Heather v. Air Methods Corp.*, No. 16-cv-843, 2016 WL 7109675, at *1-2 (W.D. Okla. Dec. 6, 2016) ("Nor does it matter, whereas here, the plaintiffs have failed to specify the numerical value of the damage claim. … The complaint's allegations may still be used to estimate an amount in controversy … Finally, even if this was a close question, the presumption of CAFA jurisdiction weighs in Defendants favor.") (internal quotation marks omitted) (internal citations omitted).

18. Plaintiff states that the value of personal information, such as that allegedly compromised here, can sell for "$60 to $80 on the digital black market." (Pet. ¶ 55.) For

900,000 customers, the potential universe of accounts alleged in the Petition, the value of such personal information itself could be $72 million.[2]

19. Plaintiff seeks "an award of damages, including, but not limited to, actual consequential, and nominal damages, as allowed by law in an amount to be determined," "an award of attorneys' fees, costs, and litigation expenses," and "prejudgment interest on all amount awarded." (Pet. p. 62-63.) Given the allegedly "900,000" accounts at issue in Plaintiff's Petition, Pet. ¶ 2, the Petition is easily construed to seek more than $5,000,000. *See also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

20. Plaintiff alleges that once Midland's offer of twenty-four months of free credit monitoring and identity protection service expires, "Plaintiff and Class Members will need to pay for their own identity theft protection and credit monitoring for the rest of their lives due to Defendant's gross negligence." (Pet. ¶ 63.) This allegation of credit monitoring costs allows reference to publicly available pricing data, and this issue has also been considered by other courts. *See Fulton-Green v. Accolade, Inc.,* No. CV 18-274, 2019 WL 4677954, at *12 (E.D. Pa. Sept. 24, 2019) ("[I]dentity theft monitoring has a retail value of $9.99 or $19.99 per month"); *Rauhala v. Greater New York Mut. Ins., Inc.*, No. CV 22-1788, 2022 WL 16553382, at *2 n.17 (E.D. Pa. Oct. 31, 2022) ("[Plaintiff] alleges

---

[2] Midland does not agree with and indeed vigorously disputes Plaintiff's allegations. Notwithstanding, Midland sets forth these figures cited by Plaintiff in his Petition solely for purposes of determining the amount-in-controversy in the Petition, and reserves all rights and defenses and waives none.

there are 34,000 putative class members. The aggregate amount in controversy exceeds $5 million because her request for at least *five years* of credit monitoring services for the class would cost more than $20 million") (emphasis added); *Morales v. Conifer Revenue Cycle Sols., LLC*, No. 23-cv-01987, 2023 WL 5236729, at *3 (C.D. Cal. Aug. 15, 2023) ("Court considers it to be a bare minimum of two months. For the first two months of credit monitoring, TransUnion charges $59.90 and Equifax charges $24.90, for a total of $84.80. For 120,000 class members, this adds up to $10,176,000.00 for just the first two months of service."). Here, for 900,000 potential class members a single $10 monthly payment would equal $9,000,000, which pales in comparison to the costs that Plaintiff's Petition alleges the class will have to pay "for the rest of their lives." (Pet. ¶ 63.)

21. Furthermore, Plaintiff demands a broad range of injunctive relief including, *inter alia*: "security auditors/penetration tests," "[o]rdering Defendant to *significantly* increase its spending on cybersecurity including systems and personnel," and "[o]rdering Defendant to engage third-party security auditors and internal personnel to run automated security monitoring." (Pet. ¶ 235 (emphasis added).) This requested relief contemplates "significant[]" spending on injunctive measures and further pushes the amount in controversy over the $5 million threshold. *See Heather*, 2016 WL 7109675, at *2 n.1 (noting in CAFA case that "the value of [] injunctive relief is an appropriate standard by which to measure the amount in controversy").

22. As reflected above, Plaintiff's class action Petition contemplates an amount in controversy that could far exceed $5,000,000 for the putative class.

## OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

23. Consent: Midland is the only defendant named in the Petition and consent of all defendants is not required under CAFA. 28 U.S.C. § 1453(b) (a class action "may be removed by any defendant without the consent of all defendants").

24. Removal to the Proper Court: Removal to the United States Court for the Western District of Oklahoma is proper because this Court is part of the district and division "embracing the place"—Oklahoma District Court, Oklahoma County—where this action was initially filed. 28 U.S.C. §1441(a).

25. Removal is Timely: Midland was served with the Summons and Petition on September 19, 2023. Ex. 4. This Notice of Removal is filed on October 19, 2023, within 30 days after service on Midland, in accordance with 28 U.S.C. § 1446(b). This Notice of Removal is signed according to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

26. Notice to Plaintiff and State Court: After filing this Notice of Removal, Midland will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Oklahoma District Court, Oklahoma County in accordance with 28 U.S.C. § 1446(d).

27. Pleadings, Process, and Orders: True and correct copies of all process, pleadings, and orders served on Midland in the State Court Action are attached hereto.

## NON-WAIVER OF RIGHTS, ARGUMENTS AND DEFENSES

28. By removing this action from Oklahoma District Court, Oklahoma County, Midland does not waive any rights, arguments and/or defenses available to it, and expressly reserves the same.

29. By removing this action from Oklahoma District Court, Oklahoma County, Midland does not admit any of the allegations in Plaintiff's Petition and indeed vigorously disputes the same.

**WHEREFORE**, Midland Financial Co. removes the above-captioned action from the Oklahoma District Court, Oklahoma County to the United States District Court for the Western District of Oklahoma.

Dated: October 19, 2023

Respectfully submitted,

/s/ *William H. Hoch*
TIMILA S. ROTHER, OBA # 14310
WILLIAM H. HOCH, OBA # 15788
ANTHONY HENDRICKS, OBA # 31083
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
timila.rother@crowedunlevy.com
will.hoch@crowedunlevy.com
anthony.hendricks@crowedunlevy.com

-And-

**NORTON ROSE FULBRIGHT US LLP**

STEVEN JANSMA, OBA # 30348
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
Telephone: (210) 270-9366
steven.jansma@nortonrosefulbright.com

JASON FAGELMAN (**pro have vice*
application forthcoming)
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8120
jason.fagelman@nortonrosefulbright.com

JOSEPH HUGHES (**pro have vice*
application forthcoming)
SEAN M. TOPPING (**pro have vice*
application forthcoming)
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3363
joe.hughes@nortonrosefulbright.com
sean.topping@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT
MIDLAND FINANCIAL CO.**

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2023, the same date this Notice of Removal was filed in the United States District Court for the Western District of Oklahoma, a true and correct copy of said Notice of Removal was served upon the above-named plaintiff by mailing said copies to the party's attorney of record:

William B. Federman
Jessica A. Wilkes
Tanner R. Hilton
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120

and further that a copy of said Notice of Removal was delivered to the Oklahoma County Court Clerk for filing on the 19th day of October 2023.

/s/ *William H. Hoch*